**ZHEN JIN WENG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 05–4794–ag.

United States Court of Appeals, Second Circuit.

Jan. 29, 2008.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Lin Li, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Terri J. Scadron, Assistant Director, Annette J. Clark, of Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. CHESTER J. STRAUB and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Zhen Jin Weng, a native and citizen of the People's Republic of China, seeks review of a August 17, 2005 order of the BIA affirming the May 6, 2004 decision of Immigration Judge ("IJ") Helen Sichel denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhenjin Weng*, No. A78 840 566 (B.I.A. Aug. 17, 2005), *aff'g* No. A78 840 566 (Immig.Ct.N.Y.City, May 6, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e. g., Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. U.S. INS*, 359 F.3d 121, 129 (2d Cir.2004).

■ We find that the agency's determination that Weng failed to meet his burden of proof for asylum and withholding of removal is supported by substantial evidence. The agency correctly determined that Weng's wife's forced abortion does not constitute past persecution of Weng. *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309 (2d Cir.2007) (en banc) (hold-

ing that "the statutory scheme unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer"). Accordingly, Weng's asylum and withholding of removal claims, to the extent they are based on his wife's forced abortion, fail. *See Shu Wen Sun v. BIA,* 510 F.3d 377, 381–82 (2d Cir.2007); *Gui Yin Liu v. INS,* 508 F.3d 716, 723 (2d Cir.2007).

■ Moreover, the agency did not err in finding that Weng did not suffer past persecution based upon his alleged "other resistance to a coercive population control program." *See Shi Liang Lin,* 494 F.3d at 313. Weng's alleged "resistance" was not resistance to a coercive population control program, but instead to the civil laws of China as they relate to marriage requirements. *Id.* Indeed, Weng testified that authorities in China wanted to arrest him because he "tried to get married while [he] was underage and [he] did it in private." Weng submitted no evidence that the authorities disrupted his alleged traditional marriage ceremony because his common law wife Jian was pregnant. In fact, Weng testified that authorities did not discover Jian was pregnant until after he fled China, which was after the incident at the ceremony.

■ Furthermore, to the extent Weng claims that he has a well-founded fear of future persecution in China based on his resistance to a coercive population control program, substantial evidence supports the agency's determination that Weng failed to meet his burden of proof for asylum. *See* 8 U.S.C. § 1252(b)(4)(B). Weng has not claimed that he would oppose the family planning policy if returned, nor has he claimed that the government perceives him as opposing the policy. Weng has not presented any evidence that indicates he has an objectively reasonable well-founded fear of persecution on account of China's family planning policy. *See, e.g., Matter of J–W–S–,* 24 I. & N. Dec. 185, 194 (BIA 2007). Thus, the agency properly found that Weng failed to show that he fears persecution in China because of his alleged "resistance."

Because Weng was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Finally, because Weng failed to challenge the denial of his well-founded fear of persecution claim based on his illegal departure from China and the denial of his CAT claim in his brief to this Court, we deem those claims waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.